# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| KINGMAN HOLDINGS, LLC, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | Case No. 4:15cv588 | |
| § | | |
| U.S. BANK NATIONAL ASSOCIATION § | | |
| § | | |
| Defendants. § | | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Pending before the Court are the following motions: Defendant U.S. Bank N.A., as Trustee's Motion to Vacate Default Judgment (Dkt. 3), Defendant U.S. Bank N.A., as Trustee's Amended Motion to Vacate Default Judgment (Dkt. 8), and Plaintiff's Motion to Remand (Dkt. 10).

Plaintiff Kingman Holdings, LLC as Trustee for the 5205 Standstone Land Trust filed this action against Defendant U.S. Bank National Association, as Successor Trustee to Wachovia Bank N.A., formerly known as First Union National Bank as Trustee for Long Beach Mortgage Loan Trust 2002-2, on December 10, 2014 in the 219th District Court of Collin County, Texas (the "State Court Action"). Plaintiff obtained a citation for Defendant to be served through the Texas Secretary of State and named Kristin A. Strong as the individual to whom service of process could be forwarded.

Defendant did not appear in the State Court Action. Plaintiff then filed a motion for default judgment, which the state court granted in May 2015. On August 31, 2015, Defendant then removed

1

the State Court Action to this Court on the grounds of diversity jurisdiction.

In its motion to remand, Plaintiff argues that Defendant's removal was untimely because it was filed approximately 90 days after the expiration of the trial court's plenary power. Defendant argues that service of process in the State Court Action was not proper and the deadline to remove to federal court never began to accrue. Defendant also seeks to vacate the default judgment entered in the State Court Action, arguing that, because service was defective, no judgment can be had against it.

The record before the Court sets forth the following chronology:

| | |
|---|---|
| November 6, 2001 | Defendant filed Foreign Corporate Fiduciary Probate Code Filing filed in the Office of the Secretary of State of Texas designating Kristin A. Strong as "the officer, agent or other person to whom any notice or process received by the Secretary of State may be forwarded." *See* Dkt. 7-3 at 8-9, 7-6 at 8-9. |
| May 22, 2013 | U.S. Bank N.A., as Trustee changed its *registered agent* to CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201. *See* Dkt. 7-20. This was filed with the Secretary of State of Texas on May 23, 2013. *See* Dkt. 7-20. |
| December 2, 2013 | Defendant changed its registered agent to CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. *See* Dkt. 7-21. This Statement of Change of Address of Registered Agent was filed in the Office of the Secretary of State of Texas on December 2, 2013. *See* Dkt. 7-20. |
| December 10 & 16, 2014 | Plaintiff's petition and Plaintiff's amended petition filed in the State Court Action identifying Kristin A. Strong, Corporate Counsel and Assistant Secretary, U.S. Bank National Association, 350 North Robert Street, Suite 495, St. Paul MN 55101, as the person to whom the Texas Secretary of State should forward service of process pursuant to Texas Estates Code §500.005. *See* Dkt. 7-3 at 3; Dkt. 7-7 at 3 |

| December 16 & 18, 2014 | Citations were issued in State Court Action naming Kristin A. Strong as the individual to whom service could be forwarded on Defendant's behalf. *See* Dkts. 7-6 & 7-9. |
|---|---|
| On February 27, 2015 | Return of Service on Kristin Strong, Corporate Counsel and Assistant Secretary for U.S National Bank Associations, filed in the State Court Action indicating that process was returned to the Texas Secretary of State as "Return to Sender, Unable to Forward." *See* Dkt. 7-10. |
| March 3, 2015 | Plaintiff files its Motion for Entry of Default Judgment in the State Court Action identifying Kristin Strong as Defendant's designee and stating that service was effected on the Secretary of State on January 15, 2015. *See* Dkt. 7-11. |
| On May 1, 2015 | Hearing held in the State Court Action on Plaintiff's Motion for Default Judgment and Final Default Judgment entered. *See* Dkts. 7-15-7-16. |
| August 31, 2015 | Defendant removed the State Court Action to this Court and filed a motion to vacate the default judgment. *See* Dkts. 1 & 3.[1] |
| September 25, 2015 | Plaintiff filed its motion to remand, arguing removal was not timely. *See* Dkt. 10. |

**ANALYSIS**

*Defendant's Removal and Plaintiff's Motion for Remand*

The Court first addresses whether removal was proper and whether this case should be remanded.

The removal statute provides:

(b) The notice of removal for a civil action or proceeding shall be filed within thirty days after the receipt by the defendant through service or otherwise of a

---

[1] Defendant amended its motion to vacate default judgment on September 11, 2015. *See* Dkt. 8.

> copy of the initial pleading setting forth the claim for relief upon which such
> action or proceeding is based....

28 U.S.C. § 1446.

Plaintiff argues that Defendant did not remove the State Court Action within 30 days of service or actual notice of the complaint. Defendant argues, that because it was never properly served in the State Court Action, the deadline to remove has not passed.

This Court evaluates whether Defendant was properly served under Texas law. *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 304 (5th Cir. 2014). Plaintiff argues that Defendant was served on January 15, 2015 through the Texas Secretary of State in accordance with the Texas Estates Code. Plaintiff relies upon a Foreign Corporate Fiduciary Probate Code Filing filed in the Office of the Secretary of State of Texas on November 6, 2001 as its basis for designating Kristin A. Strong as Defendant's representative for service. *See* Dkt. 7-3 at 8-9, 7-6 at 8-9. In the motion for default judgment filed in the State Court Action, Plaintiff attached an affidavit executed by Mark C. DiSanti, a member/manager of Plaintiff Kingman Holdings LLC, stating that:

> "Defendant is U.S. BANK NATIONAL ASSOCIATION as SUCCESSOR TRUSTEE TO WACHOVIA BANK, N. A., (FORMERLY KNOWN AS FIRST UNION NATIONAL BANK), AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2002-2. Defendant is sued in its fiduciary capacity. As a foreign fiduciary, it has irrevocably appointed the Texas Secretary of State as its agent for service of process, pursuant to Estates Code §500.005. Defendant has designated the following person as the person to whom the Secretary of State should transmit service of process:
>
> Kristin A. Strong
> Corporate Counsel and Assistant Secretary, U.S. Bank National Association
> 350 North Robert Street, Suite 495

> St. Paul, MN 55101
>
> Defendant was served with process in accordance with the requirements of the Estates Code §500.005 and the directions on file from Defendant."

Dkt. 7-11 at 6.

Plaintiff argues that, because Defendant is being sued in its representative capacity as a Trustee for Long Beach Mortgage Loan Trust 2002-2, it was properly served pursuant to Texas Estates Code §505.004 and §505.005. The Court does not agree.

That Defendant is being sued in its capacity as a trustee, as alleged by Plaintiff, is not enough to trigger the provisions of the Texas Estate Code. "[T]he appointment of the Secretary of State as the agent to receive service of process under Section 105A is limited to matters related to an estate in which the foreign bank or trust company is acting as an executor, administrator, trustee, guardian of the estate, or in any other fiduciary capacity." *Bank of New York v. Chesapeake 34771 Land Trust*, 456 S.W.3d 628, 635 (Tex. App. – El Paso 2015, pet. denied). Texas courts have been clear that, to serve a defendant under the Texas Estates Code, a plaintiff must allege facts showing jurisdiction under subchapter A of chapter 505 of the Texas Estates Code. *U.S. Bank Nat'l Ass'n v. TFHSP LLC Series 6481*, 2016 WL 1084255, at *3 (Tex. App. – Fort Worth 2016, no pet. h.).

Here, Plaintiff's Original Petition filed in the State Court Action contains no allegation that U.S. Bank was appointed by will, deed, agreement, declaration, indenture, court order or decree, or otherwise to act as a trustee of a personal or corporate trust, nor does it contain an allegation that U.S. Bank has the corporate power to act as a trustee of a personal or corporate trust, executor, administrator, or guardian of the estate as required by Sections § 505.003(a), (b) of the Texas Estates

5

Code; and the petition contains no allegation that the suit is "an action or proceeding relating to a trust, estate, fund, or other matter within this state with respect to which the fiduciary is acting in a fiduciary capacity, including the acts or defaults of the fiduciary with respect to that trust, estate, or fund." as is required by Section 505.004(a)(2) of the Texas Estates Code. *See* Dkt. 3 at 2 (identifying Defendant only as a "foreign fiduciary"). Nor does it contain any allegations that U.S. Bank is a foreign *corporate* fiduciary or that U.S. Bank is a *corporate* fiduciary that does not have its main office or a branch office in this state as required by Section 505.001 of the Texas Estates Code. Therefore, even if the proper entity were served for the purposes of the Texas Estates Code, service on Defendant was defective in this case. *U.S. Bank Nat'l Ass'n*, 2016 WL 1084255, at *3 ("we conclude that Appellee has failed to allege jurisdictional facts that would provide a basis for asserting jurisdiction over U.S. Bank under subchapter A of chapter 505 of the Texas Estates Code").

For these reasons, the Court finds that Plaintiff's reliance on the November 2001 Foreign Corporate Fiduciary Probate Code Filing does not prove proper service here. *Bank of New York,* 456 S.W.3d at 628 ("Thus, the Bank's appointment of the Secretary of State as the agent to receive service of process under Section 105A is inapplicable in this case and fails to provide a basis for asserting jurisdiction over the Bank.").

Because the Court finds that there is no basis to serve Defendant under the Texas Estates Code in this case, the Court does not reach Defendant's argument that, even if the facts alleged here had made service under the Texas Estates Code proper, the record in this case indicates that Kristin A. Strong was no longer the proper individual at the time the materials were forwarded to the

Secretary of State.

"A party suing a financial institution in Texas must serve process on the institution in accordance with Section 17.028; otherwise, service is ineffective." *Bank of New York*, 456 S.W.3d at 632. That section requires service on the registered agent or, if there is no registered agent, the president or a branch manager at any office located in this state. TEX. CIV. PRAC. & REM. CODE ANN. § 17.028. That Defendant may be a foreign financial institution is irrelevant to the applicability of Section 17.028. *The Bank of New York Mellon v. Redbud 115 Land Trust*, 452 S.W.3d 868, 871 (Tex. App. – Dallas 2014, pet. denied) ("However, nothing in the language of section 17.028 limits its application to Texas financial institutions").[2] According to the record, at the time Plaintiff filed the State Court Action, CT Corporation was Defendant's registered agent. *See* Dkts. 7-20-7-21.

There is nothing in the record to show that Defendant was ever properly served.

As to Plaintiff's argument that Defendant has failed to explain when or how it received actual notice of this suit, such is not relevant here. "[A] defendant's right to removal runs from the date on which it is formally served with process." *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

---

[2]The Court notes that Plaintiff's counsel in this case is listed as counsel for the plaintiffs who made similar– and ultimately rejected – arguments regarding service under the Texas Estates Code in both the *Bank of New York* and *U.S. Bank* cases cited herein. *See Bank of New York,* 456 S.W.3d 628; *U.S. Bank Nat'l Ass'n*, 2016 WL 1084255. Counsel for Plaintiff is also listed as counsel for the plaintiff in the Bank of *N.Y. Mellon* case where the court addressed proper service on a financial institution in Texas. *The Bank of New York Mellon*, 452 S.W.3d 868. Although the Court recognizes the need for advocacy, counsel is reminded of his ethical duties in making good faith arguments to this Court which are supported by precedent and other applicable authorities.

347–48, 119 S. Ct. 1322, 143 L. Ed.2d 448 (1999)). Receipt of a courtesy copy is not enough; the defendant must be formally served for the clock to start running. *Id.* "[A]ctual notice without proper service is the same as no service." *The Bank of New York Mellon v. Redbud 115 Land Trust*, 452 S.W.3d 868, 871 (Tex. App. – Dallas 2014, pet. denied). *See also Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) ("Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him.").

The only issue before the Court as to the removal of this case is when the clock started running. "A defendant has no obligation to appear in court or defend an action before it is formally served with process directing it to appear before that forum." *Thompson*, 775 F.3d at 303 ("Various courts recognize that an unserved defendant retains the right to remove an action once it learns of the litigation."). Because nothing in the record indicates proper service on Defendant, Defendant's removal period did not begin to run under 28 U.S.C. § 1446(b) and the State Court Action was timely removed.[3] Remand is not appropriate,[4] and Plaintiff's Motion to Remand (Dkt. 10) should be DENIED.

---

[3]The Court also notes that The State Court Action was removed well within the one-year time limit for diversity cases under 28 U.S.C. § 1446(c).

[4]Plaintiff has not argued that this Court does not have diversity jurisdiction over its claims, and the Court finds that diversity jurisdiction is sufficiently established from the record before it.

*Default Judgment*

Next, the Court turns to Defendant's motions to vacate the default judgment entered in the State Court Action.[5] Defendant argues that, since service was not properly made, no default judgment could be had against it and the judgment against it should be vacated. The Court again agrees with Defendant.

Federal Rule of Civil Procedure 60(b)(4) authorizes a court to "relieve a party or its legal representative from a final judgment" if "the judgment is void." FED. R. CIV. P. 60(b)(4). "[A] default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). If a state trial court lacks jurisdiction over the parties because of insufficient service of process, a default judgment obtained based on the insufficient service is void and the district court must set it aside. *Thompson*, 775 F.3d at 306 ("[a] district court must set aside a void judgment."). Such is true even if the case was removed after the entry of the default judgment in state court. *Id.*

---

[5]The Court notes that Plaintiff failed to file any responses to the motions to vacate for many months after they were filed and only filed a response after Defendant noted such on the record. Plaintiff argues, without any authority, that it did not file a response because "Plaintiff has been waiting for a determination of" its motion to remand. Dkt. 18 at 2. The Court notes that the motion for remand was filed *after* Defendant's first motion to vacate. The Court did not stay Plaintiff's response deadline to the motion to vacate pending a resolution of the motion to remand. The Court further notes that the issues raised by the motion to remand and the motion to vacate the default judgment – in particular the matter of service of process on Defendant – are significantly intertwined. Plaintiff's failure to respond does not go unnoted. In any event, to ensure Plaintiff has been given a full opportunity to argue its position, the Court considers the entire record before it, including the late-filed response.

9

As discussed above, Defendant, a financial institution, was not served as is required under Section 17.028 of the Texas Civil Practices & Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 17.028(d) ("If citation has not been properly served as provided by this section, a financial institution may maintain an action to set aside the default judgment or any sanctions entered against the financial institution."). Because service on Defendant through the Secretary of State was defective, the trial court in the State Court Action did not acquire personal jurisdiction over U.S. Bank and the default judgment is therefore void. *U.S. Bank Nat'l Ass'n,* 2016 WL 1084255, at *5 (finding that default judgment obtained without jurisdiction over the defendant was void); *Bank of N.Y. Mellon*, 452 S.W.3d at 873–74 (finding that default judgment entered in trial court was void because the plaintiff did not strictly comply with rules for service of process on a financial institution and that trial court therefore did not acquire jurisdiction over bank). *See also PNS Stores, Inc. v. Rivera,* 379 S.W.3d 267, 275 (Tex. 2012) ("[A] judgment is void if the defects in service are so substantial that the defendant was not afforded due process.").

Defendant's motion was filed within a reasonable time as it was filed immediately upon removal to this Court (less than four months after the judgment was entered and within approximately three months of the date the notice of default judgment was returned unserved). Not only is Defendant's request to vacate the default judgment timely under Federal Rule of Civil Procedure 60, it would be timely under the applicable state court procedural provisions. *See Thompson*, 775 F.3d at 305-306 (citing Tex. R. App. P. 30 and 26.1(c) and noting that the defendant would have been entitled to take a restricted appeal in state court within six months of the final

judgment had the case not been removed). There is nothing in the record that would show that either the removal or motion to vacate were not timely made.

Because Defendant was not properly served with suit, no default can be had. The Motions to Vacate Default Judgment (Dkts. 3 & 8) should be GRANTED and the judgment entered in the State Court Action should be vacated.

## RECOMMENDATION

For the reasons set forth herein, the Court recommends that Plaintiff's Motion to Remand (Dkt. 10) be DENIED, that Defendant U.S. Bank N.A., as Trustee's Motion and Amended Motion to Vacate Default Judgment (Dkts. 3 & 8) be GRANTED, that the Final Default Judgment signed in this cause by the 219th District Court of Collin County, Texas, on May 1, 2015 in Cause No. 219-04912-2014 be VACATED and SET ASIDE, and that this case should proceed in this Court.

Defendant shall have 21 days from the date of this report and recommendation to answer or otherwise respond to Plaintiff's First Amended Original Petition.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted

by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 3rd day of May, 2016.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE